**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DANTE' D. GORDON, | : | Case No. 2:25-cv-31 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Elizabeth P. Deavers |
| BARBER INSTRUCTOR THOMAS PYTLAK, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

In January 2025, plaintiff filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint.  (Doc. 1).

However, because plaintiff's complaint named 19 defendants and consisted of a form complaint, as well as a fifty-page attachment and 229 pages of exhibits, the Court entered a Deficiency Order on February 7, 2025, directing him to file an amended complaint.  (Doc. 2). The Order indicated that, pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules, the amended complaint was not to exceed 20 pages in length and was to set forth in clear and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim within 30 days.  (*Id*., at PageID 326).   The Order also reminded plaintiff that the amended complaint was to be legible and double-spaced and that, if plaintiff wished to seek relief based on unrelated claims, he must do so in separate lawsuits.  (*Id*., at PageID 327).   Plaintiff was additionally advised that, if he did not comply with the Deficiency Order, his case would be dismissed for want of prosecution. (*Id*.).

On March 5 and April 9, 2025, respectively, the Court granted plaintiff extensions of time in which to comply with the February 7, 2025 Deficiency Order. (Docs. 4; 6). Through these Orders, Plaintiff was given until May 5, 2025 to filed the amended complaint. (Doc. 6, at PageID 357). The May 5, 2025, date has now passed, and Plaintiff has not complied with the Deficiency Order.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962)*; see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's second February 7, 2025 Order permitting Plaintiff and extension of time to comply with the Deficiency Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution. In light of this recommendation, it is further **RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **DENIED as moot**.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If

the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

May 21, 2025                              *s/ Elizabeth A. Preston Deavers*
                                          Elizabeth A. Preston Deavers
                                          United States Magistrate Judge